ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| LOUIS A. LODGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 107-047 |
| | ) | |
| HENRY M. PAULSON, JR., Secretary of the Treasury, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed the above-captioned case on March 27, 2007, *in forma pauperis* ("IFP"), which the Court has granted in a separate Order. As Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. See Phillips v. Marshburn, 746 F.2d 782, 785 (11th Cir. 1984). While pleadings drafted by *pro se* litigants are construed liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) *(per curiam)*, the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

### I. BACKGROUND

Plaintiff submitted a claim to the Secretary of the Department of Labor under the Veterans Employment Opportunities Act of 1998 ("VEOA"), Pub. L. No. 105-339, 112 Stat. 3182, alleging that the Department of the Treasury ("the Agency") violated his rights relating to a veterans' hiring preference. (Doc. no. 1, p. 4). After exhausting his remedies before the

Department of Labor, Plaintiff filed an appeal to the Merit Systems Protection Board ("MSPB"). On February 14, 2007, an Administrative Law Judge ("ALJ") at the Atlanta Regional Office rendered the initial decision of the MSPB, granting Plaintiff's request for corrective action. (Id. at 6). The ALJ's February 14th Order stated that if a petition for review with the MSPB or the Court of Appeals for the Federal Circuit was not filed before March 21, 2007, then the initial decision of the ALJ would become the MSPB's final decision. (Id. at 7). The Agency filed a motion to reconsider the ALJ's initial decision which, presumably, is still pending. (See id. at 1-2).

Plaintiff states that he brings the instant action under 5 U.S.C. § 7701(b)(2).[1] Plaintiff

---

[1] Under 5 U.S.C. § 7701(b)(2):

(2)(A) If an employee or applicant for employment is the prevailing party in an appeal [to the MSPB], the employee or applicant shall be granted the relief provided in the decision effective upon the making of the decision, and remaining in effect pending the outcome of any petition for review under subsection (e), unless--
 (i) the deciding official determines that the granting of such relief is not appropriate; or
 (ii)(I) the relief granted in the decision provides that such employee or applicant shall return or be present at the place of employment during the period pending the outcome of any petition for review under subsection (e); and (II) the employing agency, subject to the provisions of subparagraph (B), determines that the return or presence of such employee or applicant is unduly disruptive to the work environment.

(B) If an agency makes a determination under subparagraph (A)(ii)(II) that prevents the return or presence of an employee at the place of employment, such employee shall receive pay, compensation, and all other benefits as terms and conditions of employment during the period pending the outcome of any petition for review under subsection (e).

(C) Nothing in the provisions of this paragraph may be construed to require any award of back pay or attorney fees be paid before the decision is final.

2

avers that the ALJ's decision was silent on "the required statement of 5 CFR [§]1201.111(4) and paragraph 6" which mandates pay and benefits regardless of any petition for review which is subsequently filed by the Agency. (Id. at 1). Presumably, Plaintiff is referring to 5 C.F.R. § 1201.111(b)(4), (6), which states that the initial decision of the ALJ shall contain:

> (4) A statement, if the appellant is the prevailing party, as to whether interim relief is provided effective upon the date of the decision, pending the outcome of any petition for review filed by another party under Subpart C of this part; . . .
> (6) A statement of any further process available, including, as appropriate, a petition for review under § 1201.114 of this part, a petition for enforcement under § 1201.182, a motion for attorney fees under § 1201.203, a motion to initiate an addendum proceeding for consequential damages or compensatory damages under § 1201.204, and a petition for judicial review.

Plaintiff alleges that, in contravention of 28 U.S.C. § 7701(b)(2), the Agency, in reliance upon Dean v. Department of Agriculture, 99 M.S.P.R. 533, 550 (2005), has refused to compensate him pending review of the initial decision because the ALJ did not specifically provide that Plaintiff was entitled to interim relief. (Doc. no. 1, p. 1). Plaintiff requests that the Court issue an injunction ordering Defendant to comply with 5 U.S.C. § 7701(b)(2) and to place him on administrative leave with pay while the Agency's petition for review is pending.

## II. DISCUSSION

Plaintiff characterizes his claim as a suit seeking injunctive relief against a government officer acting in his official capacity. Under the Administrative Procedures Act, the United States has waived its sovereign immunity where the relief sought against an officer in an official capacity is "other than money damages." 5 U.S.C. § 702. The mere fact that Plaintiff may be entitled to monetary relief based upon the allegations contained within

3

his complaint does not command a finding that this action is barred by sovereign immunity, and it appears that the relief sought by Plaintiff in this action is properly characterized as declaratory or injunctive relief. See Zellous v. Broadhead Assocs., 906 F.2d 94, 99 (3d Cir. 1990) (holding that tenants in an action against the United States Department of Housing and Urban Development were only seeking what they were statutorily entitled to thus the relief requested was "other than money damages" under 5 U.S.C. § 702).

Even so, although it appears that this action is not barred on sovereign immunity grounds, this case should, nevertheless, be dismissed. The Administrative Procedures Act provides that "Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. In this instance, Plaintiff has received a decision from the MSPB which, presumably, is still under reconsideration at the Agency's request. However, the Court does not have jurisdiction to consider any alleged errors contained within a decision of the MSPB, as the Federal Circuit Court of Appeals has been vested with exclusive jurisdiction to review MSPB decisions. 28 U.S.C. § 1295(a)(9).

Moreover, a "party may petition the [MSPB] for enforcement of a final decision or order issued under the Board's appellate jurisdiction." 5 C.F.R. § 1201.182(a). As such, the MSPB provides an available avenue for seeking enforcement of its decisions. Additionally, the MSPB and the Federal Circuit, which are vested with jurisdiction over VEOA appeals, are also in the best position to interpret the statutory authority and promulgated regulations relating to interim relief. In sum, this action is not properly before the Court and should be dismissed.

4

### III. CONCLUSION

For the foregoing reasons, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 23rd day of April, 2007, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE